IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
<u>CIVIL DIVISION</u>

| | |
|---|---|
| ANTHONY HOFFMAN, as Administrator of the Estate of JOSEPH LEE PRITCHETT, JOSEPH HUNTER, Individually, and ARTEMUS HUNTER, Individually, § § § § § § Plaintiff, § § VS. § § CITY OF MOBILE, PAUL PRINE, § individually, § OFFICERS JOHN AND JANE DOE 1–10, § Individually, and § FICITIOUS PARTIES 1 – 10, § § Defendants. § | Civil Action No.: 1:25-cv-21 _____ |

## **<u>COMPLAINT AND JURY DEMAND</u>**

COME NOW, Plaintiff, Anthony Hoffman, as Personal Representative of the Estate of JOSEPH LEE PRITCHETT, Decedent, JOSEPH HUNTER, Individually, and ARTEMUS HUNTER, Individually, by and through the undersigned attorney, and sues the Defendants CITY OF MOBILE, PAUL PRINE, individually, and OFFICERS JOHN AND JANE DOE 1-10, individually, and FICTITIOUS PARTIES 1 – 10, and as grounds in support hereof, states unto this Honorable Court as follows:

### **<u>NATURE OF THE ACTION</u>**

1. This is a federal civil rights case pursuant to 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments of the United States Constitution as applied to the states under the United States Constitution's Fourteenth Amendment for the Defendants' individual and collective personal, malicious, and unlawful violations under color of law of the Decedent's constitutional rights.

2. The Defendants committed these unlawful violations of the Plaintiff's constitutional rights under the color of law, in bad faith, with malicious purpose in reckless, wanton, and willful disregard of Decedent's safety and his human and civil rights.

3. The Defendants committed these Alabama state violations while acting inside the course and scope of their employment, under the color of law, and cloaked under the authority of state law enforcement.

4. The Plaintiff seeks compensatory damages, punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

## PARTIES

5. Plaintiff, Anthony Hoffman, is the General Administrator for Mobile County, Alabama, who, pursuant to Letters of Administration issued on January 3, 2025 by The Honorable Don Davis, Judge of Probate, now serves as the

  Personal Representative of The Estate of Joseph Pritchett, a former resident of Mobile County, Alabama, now deceased, is an adult resident citizen of the State of Alabama, is the Personal Representative of the Estate of Joseph Lee Pritchett, deceased, is not incompetent, nor a member of the armed services.

6. Defendant, City of Mobile, Alabama, is a local political subdivision created and operating under and by virtue of the laws of the State of Alabama, with its primary offices located at 205 Government Street, Mobile, Alabama 36644 by serving Mobile City Attorney Ricardo Woods at 205 Government Street, Mobile, Alabama 36644.

8 Defendant, PAUL PRINE, is the former Chief of Police of the City of Mobile who was the Chief of Police at the time of the incident complained of herein and who resides at 7100 Kali Oka Rd, Saraland, AL 36571-9318.

9. Fictitious Parties 1 - 20 are those individuals or entities, unknown to the Plaintiffs at the present time, but whose actions, or inaction, either caused, or contributed to the death of Joseph Pritchett, or, whose contractual obligations through insurance or otherwise, to any party herein require them to compensate the Plaintiff for the injuries and damages caused or contributed to by any Defendant.

10. At all times relevant hereto, and upon information and belief, Defendant PAUL PRINE (hereinafter "Chief Prine") was an adult resident citizen of

Mobile County, Alabama, and who was at the time of the operative facts complained of herein, the Chief of Police of Mobile, Alabama. Chief Prine is sued in his official capacity as Chief of Police of Mobile, Alabama, as well as his individual capacity.

11. Chief Prine ran and maintained Mobile Police Department, a constituent department or agency which is responsible for providing law enforcement services within Mobile County. The Chief is responsible, through his officers, employees, servants, and agents, for enforcing the regulations of Mobile City, and for ensuring that his officers, employees, servants, and agents obey the laws of the State of Alabama and the United States.

## JURISDICTION AND VENUE

12. Venue is proper in the Southern District Court of Alabama, pursuant to 28 U.S.C. §§ 1391(b)(1) & (b)(2), as, upon information and belief, all Defendants are residents of the State of Alabama and all Defendants' independent and collective malicious and unlawful acts or omissions were committed under color of state law which give rise to the claims herein accrued within this district.

13. The Court has subject-matter jurisdiction over the Plaintiff's federal law claims, pursuant to 28 U.S.C. §§ 1331 (federal question), and 1343(a)(3) (civil rights).

14. This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

## GENERAL FACTS

15. On or about January 15, 2023, the Decedent, while operating his motor vehicle was being chased by Mobile Police officers operating their police cruiser. The Decedent's passengers were Montrell Shamburger and another individual whose name is unknown at this time.

16. The Decedent had left his home, and driven to a convenience store, as the Decedent and the occupants of the vehicle were hungry, and wanted to purchase some food to eat.

17. After having duly and lawfully purchased their food items, the Decedent and the occupants left the convenience store to return back home, as they had planned.

18. Immediately upon pulling out of the convenience store parking lot, prior to any actual "driving" taking place, a Mobile Police Officer immediately and without justification, initiated a traffic stop by activating his lights and siren.

19. The Decedent, fearing for his safety, sought to return home and avoid a confrontation with the Mobile Police Officer, until the Decedent was safely at home.

20. As the Decedent continued to drive home, away from the Mobile Police Officer, the Mobile Police Officer pursued the Decedent, recklessly and negligently, into a residential neighborhood at a high rate of speed.

21. The Mobile Police Officer's actions of driving, pursuing and chasing the Decedent, through Mobile, and through a residential neighborhood became more and more aggressive the longer the pursuit continued.

22. At approximately three (3) minutes into the chase, an unidentified Mobile Police Officer purposefully, intentionally, recklessly and wantonly rammed his police vehicle the Decedent was operating, into the rear of the Decedent's vehicle.

23. The Decedent, fearing for his life and safety, and for those in his vehicle, after being struck by the Mobile Police Officer's vehicle from the rear, continued to drive away, seeking safety from the continuing aggression from the Mobile Police Officer.

24. Moments after the first collision by the Mobile Police Officer to the rear of the Decedent's vehicle, either the same, or another vehicle, believed to be a Mobile Police Department Pickup Truck, slammed again, into the Decedent's vehicle, this time from the side.

25. Plaintiff contends and believes this slamming into the side of the Decedent's vehicle, by the Mobile Police Officer, was a Mobile Police Officer performing a PIT maneuver, or Precision Immobilization Technique, by intentionally ramming the police vehicle into the Decedent's vehicle.

26. By the Mobile Police Officer intentionally and purposefully ramming his vehicle into the side of the Decedent's vehicle, the Officer caused the Decedent to lose control of his vehicle.

27. During the PIT maneuver, the Mobile Police Officer not only rammed the Decedent's vehicle, the Mobile Police Officer drove into, and pushed, or otherwise shoved the Decedent's vehicle, through a residential yard, and into an occupied residence.

28. An independent innocent bystander witnessed the events leading up to and following this crash, namely, that the police truck rammed the Decedent's vehicle and caused his vehicle to run off the roadway and hit the residence.

29. The witness further observed the police officers then moving their police truck so as to conceal the fact that they had caused the Decedent's vehicle to run off the roadway and crash into the home.

30. As a direct and proximate result of the affirmative acts of the Defendants, the Decedent sustained fatal injuries from this crash. His two passengers, while severely injured, they survived.

31. When Plaintiff Joseph Hunter learned of the news that his son had died from the crash, he was devastated and suffered a prolonged period of pain, rage, and depression from the unjustified killing of his son, for which Plaintiff hereby sues.

## CAUSES OF ACTION
### COUNT I:
### EXCESSIVE FORCE
### 42 U.S.C. §1983 – Fourth and Fourteenth Amendment

32. Plaintiff realleges each and every preceding paragraph, and incorporates the same herein below, by reference, as if all such paragraphs were set out in full herein below.

33. Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of Decedent's rights under the Fourth Amendment to the United States Constitution.

34. Section 1983 provides in relevant part that:

> *"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."*

35. At all times relevant to the allegations in this Complaint, the Defendants were acting under color of State law, and within the course and scope of their official duties and employment in their capacity as Mobile Police Officers with Defendant City of Mobile, and under the supervision of Defendant Chief Prine.

36. The Defendants named in this Count are "persons" under 42 U.S.C. §1983.

37. Under the Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, Decedents' Decedent had a clearly established constitutional right to be secure in his person as against the use of excessive force and the right to his life.

38. By intentionally ramming the Decedent's vehicle with their police truck, which actions led to Decedent's injuries and death, the Mobile Police Officers violated Decedent's constitutionally protected rights.

## COUNT II:
## STATE-CREATED DANGER
## 42 U.S.C. §1983 – Fourth and Fourteenth Amendment

39. Plaintiff realleges each and every preceding paragraph, and incorporates the same herein below, by reference, as if all such paragraphs were set out in full herein below

40. By intentionally crashing into Decedent's fleeing vehicle at a high rate of speed in a residential neighborhood that has many potentially dangerous objects such as trees, lamp posts, and homes, the Mobile Police Officer driving the police truck pursuing Decedent knew or should have known of the grave danger his actions posed to the life of Decedent. The resulting risk to Decedent's health and life was excessive, that is, extremely great, to a degree that shocks the human conscience.

41. As a direct and proximate cause of the offending Police Officer's arbitrary and unconscionable actions, the Plaintiffs' Decedent lost control over his vehicle and was pushed into a home occupied by innocent bystanders, which in turn caused him to sustain bodily injuries that were so great that they led to his death at the scene of the incident.

## COUNT II:
### IMPROPER HIRING, TRAINING, SUPERVISION AND RETENTION
### 42 U.S.C. §1983 – Fourth and Fourteenth Amendment

42. Fictitious Defendants John and Jane Does 1-10 were the supervisory officers of the Mobile Police Department who hired, retained, trained, and supervised the police officer who drove the vehicle that pursued the Decedent.

43. All defendants followed a practice, custom, or routine of improperly hiring, training, supervising, and retaining police officers who showed a propensity to use excessive force and to wantonly, recklessly, and/or intentionally create a dangerous situation where the use of excessive force during arrests, SWAT raids, or police chases was either encouraged or tolerated with deliberate indifference to the rights of potential victims and the public at large.

44. This practice, custom, or routine was widespread within the Mobile Police Department and was the direct and proximate cause for the Decedent's injuries, pain and suffering, and loss of life.

## COUNT III:
### Assault and Battery

45. Plaintiff realleges each and every preceding paragraph, and incorporates the same herein below, by reference, as if all such paragraphs were set out in full herein below.

46. At all times material hereto, the Defendants, jointly and severally, acted in a negligent, wanton, reckless and careless manner, resulting in the death of Decedent.

47. As a direct and proximate cause of the aforementioned negligent, wanton, reckless and careless acts of the Defendants, the Decedent died and sustained extended, visible, excruciating pain and suffering prior to his death.

## COUNT IV:
## Willful and Wanton Misconduct

48. Plaintiff realleges each and every preceding paragraph, and incorporates the same herein below, by reference, as if all such paragraphs were set out in full herein below.

49. At all times material hereto, the Defendants, jointly and severally, acted in a willful and wanton manner, resulting in the death of the Decedent.

50. At all times material hereto, the Defendants, jointly and severally, acted with a reckless indifference to the Decedent and to the impact of their actions.

51. At all times material hereto, the Defendants, jointly and severally, acted with knowledge and consciousness that their actions and inactions would, or very well could result in Decedent's death, or the death and serious injury of other innocent bystanders.

52. As a direct and proximate cause of the aforementioned willful and wanton conduct, Decedent died and sustained pain and suffering before his death.

## COUNT V:
## Wrongful Death

53. Plaintiff realleges each and every preceding paragraph, and incorporates the same herein below, by reference, as if all such paragraphs were set out in full herein below.

54. As a result of the wrongful actions and inactions of the defendants, jointly and severally, the Decedent died.

## COUNT VI
## Tort of Outrage

55. Plaintiff reallege and adopt all previously pled paragraphs herein by reference, incorporating each as if set out in full herein below.

56. Despite the life-threatening nature of a high speed car chase through a residential neighborhood, the Mobile Police Officers showed no care or concern for the safety of the Decedent, or any other individuals by continuing to pursue the Decedent, at a high rate of speed, and even ramming the Decedent's vehicle twice, and driving into the Decedent's vehicle, thereby shoving or pushing the Decedent's vehicle into a house.

57. Additionally, the Mobile Police Officers then tampered with the evidence, the scene, by moving the Mobile Police Vehicle, to hide or otherwise shield the Mobile Police Officers from being discovered as having driven their vehicle

into the side of the Decedent's vehicle, thereby affirmatively causing the accident, and the death of the Decedent.

58. As a result of the actions and inactions of the Defendants, jointly and severally, Decedent suffered great pain, both mentally and physically until he died.

## JURY DEMAND

59. Plaintiff hereby demands trial by jury.

## ATTORNEY'S FEES

60. As a direct and proximate result of the Defendants' collective actions, Plaintiff was forced to retain the services of legal counsel and has incurred and will continue to incur reasonable and necessary attorney's fees in the prosecution of this action which Plaintiff is entitled to recover pursuant to 42 USC Section 1988.

**WHEREFORE**, Plaintiff prays for judgment, joint or several, to be entered against all Defendants in the amount to be determined by a jury, including compensatory and consequential damages for, without limitation, lost income, present and future, damages related to mental anguish and emotional distress, and for further damages to the extent permitted by law based on the Defendants' willful, malicious and intentional behavior designed to injure the Plaintiff. Plaintiff also demands the costs of this action, and interest on the judgment as allowed by law,

and any good, further, and additional relief the Plaintiff may be entitled to in law, equity, or good conscience

    Dated this January 14, 2025.    Respectfully submitted:

/s/ John T. Fisher, Jr.
John T. Fisher, Jr. (FIS-011)
THE LENTO LAW GROUP
P. O. Box 364
Fairhope, Alabama 36533
Direct: 251.230.9400, Ext. 412
jfisher@lentolawgroup.com
www.lentolawgroup.com