IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
ANTHONY HOFFMAN,                    *
as Administrator of the             *
Estate of Joseph Lee Pritchett,     *
                                    *
     Plaintiff,                     *
                                    *    CIVIL ACTION NO. 25-00021-B
                                    *
vs.                                 *
                                    *
CITY OF MOBILE, et al.,             *
                                    *
     Defendants.                    *
```

REPORT AND RECOMMENDATION

This action is before the Court on review. For the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely serve the Defendants with process, or alternatively, under Federal Rule of Civil Procedure 41(b) and this Court's inherent authority for Plaintiff's failure to diligently prosecute this action and to comply with the Court's orders.

I. BACKGROUND

On January 15, 2025, Plaintiffs Anthony Hoffman, as Administrator of the Estate of Joseph Lee Pritchett, Joseph Hunter, and Artemus Hunter (collectively, "Plaintiffs") commenced this action by filing a complaint against Defendants the City of Mobile, Alabama ("City of Mobile"), former City of Mobile police chief

Paul Prine ("Prine"), and fictitious defendants.[1]  (Doc. 1).

In an order dated January 17, 2025, the Court struck Plaintiffs' initial complaint as an impermissible shotgun pleading and granted Plaintiffs leave to file an amended complaint on or before January 31, 2025.  (Doc. 3).  On January 31, 2025, Plaintiff Anthony Hoffman, as Administrator of the Estate of Joseph Lee Pritchett (hereinafter "Plaintiff"),[2] filed an amended complaint against the City of Mobile, Prine, and fictitious defendants. (Doc. 4).

On February 3, 2025, Plaintiff filed a proposed summons for Prine, and the summons was issued on February 4, 2025.  (Docs. 5, 6).  On February 6, 2025, Plaintiff filed a proposed summons for the City of Mobile, and the summons was issued on February 7, 2025. (Docs. 8, 9).  On February 4, 2025, the Court entered a service order, which required Plaintiff to file proof of service within five days after completing service on a Defendant and to file any waiver of service within five days after Plaintiff's receipt of the waiver.  (Doc. 7 at 1).  The service order further directed: "If within forty-five (45) days after the filing of the Complaint,

---

[1] Plaintiffs paid the $405 filing and administrative fees for a civil action.

[2] As noted *supra*, the initial complaint listed Joseph Hunter and Artemus Hunter as additional Plaintiffs, but the operative amended complaint lists Anthony Hoffman, as Administrator of the Estate of Joseph Lee Pritchett, as the sole Plaintiff.  (See Docs. 1, 4).

Plaintiff has not effected service by summons or waiver of service, Plaintiff shall file with the Court a notice describing the action taken by Plaintiff to effect service and the results thereof." (Id.); see S.D. Ala. CivLR 4(a)(3).

In an order dated March 21, 2025, the Court noted that more than sixty days had passed since the filing of the initial complaint, and more than forty-five days had passed since the filing of the amended complaint, but Plaintiff had not filed proof or waiver of service with regard to any Defendant, nor had Plaintiff filed a notice describing his efforts to serve Defendants and the results of those efforts. (Doc. 10 at 2). Accordingly, the Court ordered Plaintiff to file a notice describing his service efforts and to show cause for his failure to comply with the Court's service order and Civil Local Rule 4(a)(3) on or before March 28, 2025. (Id.). The Court cautioned Plaintiff that his failure to timely comply with the order dated March 21, 2025, may result in a recommendation that this action be dismissed for failure to prosecute and to obey the Court's orders. (Id.). Despite the Court's warning, Plaintiff failed to respond to the show cause order dated March 21, 2025.

In an order dated April 23, 2025, the Court noted that more than ninety days had passed since the filing of the initial complaint against the City of Mobile and Prine in this action, and

3

there was "still no indication that Plaintiff ha[d] even attempted, much less perfected, service of process on any Defendant." (Doc. 11 at 3-4). The Court also noted that Plaintiff had "failed to respond to the show cause order dated March 21, 2025," and had thus "completely disregarded *two* service-related orders." (Id. (emphasis in original)). The Court notified Plaintiff that "this action [was] subject to being dismissed without prejudice for Plaintiff's failure to complete service of process on Defendants City of Mobile and Prine in compliance with Federal Rule of Civil Procedure 4(m)" and ordered Plaintiff to show good cause, on or before May 7, 2025: "(1) why this action should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to perfect service of process on Defendants City of Mobile and Prine within ninety days after the filing of the complaint, and (2) why this action should not be dismissed without prejudice for Plaintiff's failure to comply with this Court's orders dated February 4, 2025 and March 21, 2025 (Docs. 7, 10)." (Id. at 4-5).

    To date, Plaintiff has not responded to the show cause order dated April 23, 2025, and there is still no indication in the record that he has perfected or even attempted service of process on any Defendant to date. The Court notes that Plaintiff is and has been represented by counsel since the commencement of this

4

action.

## II. DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Good cause "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted). "Absent a showing of good cause, the district court has the discretion to extend the time for service of process." Id. at 1282. In exercising this discretion, the court must consider whether any other circumstances, such as the expiration of a statute of limitations or the defendant evading service, warrant an extension of time based on the facts of the case. Id.

It has now been 128 days since the filing of the initial complaint and 112 days since the filing of the amended complaint in this case. However, there is still no indication that Plaintiff

5

has even attempted, much less completed, service of process on any Defendant. On April 23, 2025, the Court notified Plaintiff that this action was subject to being dismissed without prejudice for his failure to complete service of process on the Defendants in compliance with Rule 4(m), and the Court ordered Plaintiff to show good cause why this action should not be dismissed without prejudice pursuant to Rule 4(m) or for Plaintiff's failure to prosecute this action and to obey the Court's orders. (Doc. 11 at 4-5). However, Plaintiff did not respond to the Court's order dated April 23, 2025, and he has therefore not shown good cause for his failure to complete service of process on any Defendant.

Nor does the Court find any reason to extend the time for Plaintiff to complete service of process on the Defendants in this action. The record reflects that Plaintiff's counsel has repeatedly disregarded service-related deadlines and directives in this case, despite having been warned of the consequences of noncompliance. Notably, in addition to not complying with Civil Local Rule 4(a)(3) and the Court's service order and failing to timely serve Defendants with process in compliance with Rule 4(m), Plaintiff's counsel has failed to respond to *two* service-related show cause orders.

There is no allegation or evidence of evasion of service by Defendants City of Mobile or Prine that would warrant a further

extension of the service deadline. Indeed, it has now been more than four months since Plaintiff filed this lawsuit on January 15, 2025, and at no point has Plaintiff apprised the Court of any problems encountered in serving these Defendants or of any facts warranting additional time for service. It does appear that the statute of limitations would bar a refiled action stemming from the subject incident in this case. However, while the running of the statute of limitation must be considered, it does not require that a court extend the time for service of process under Rule 4(m). Horenkamp v. Van Winkle And Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005); see Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (per curiam) (affirming dismissal for counseled plaintiff's failure to timely serve defendant under Rule 4(m) despite expiration of statute of limitations during pendency of case); Roberts v. Anderson, 2024 U.S. App. LEXIS 7576, at *3-4, 2024 WL 1364698, at *2 (11th Cir. Apr. 1, 2024) (per curiam) (affirming dismissal for *pro se* plaintiff's failure to timely serve defendants under Rule 4(m) despite the running of the statute of limitations); Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 297 (N.D. Ga. 2008) (finding permissive extension of time to effect service of process unwarranted even though the expiration of the limitations period would effectively bar plaintiff's claims); Harper v. M/V Ouro Do Brasil, 2013 U.S. Dist. LEXIS 204437, at *3,

2013 WL 12388553, at *1 (M.D. Fla. Aug. 15, 2013) (noting that "[e]xtending the time to serve in every instance in which the statute of limitations has lapsed would effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose") (quotation omitted). That is particularly true in this case, since Plaintiff's counsel's egregious and repeated disregard of service-related deadlines and directives suggests that Plaintiff has lost interest in and abandoned the prosecution of this action. Accordingly, the undersigned finds that dismissal of this action pursuant to Rule 4(m) is warranted under the circumstances.

Moreover, under both Federal Rule of Civil Procedure 41(b) and its own inherent power to manage its docket, a federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute or to comply with court rules or a court order. See Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). To dismiss an action with prejudice for failure to prosecute or comply with court rules or a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Id. at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

8

Here, the circumstances described above also support an alternative determination that Plaintiff has failed to diligently prosecute this action and has repeatedly failed to comply with this Court's orders, and that dismissal without prejudice is also appropriate under Rule 41(b) and the Court's inherent authority. As explained above, it is more than a month past the service deadline, and there is no indication that Plaintiff has made any attempt to serve Defendants. Moreover, Plaintiff has repeatedly failed to respond to the Court's service-related show cause orders in this case, even after being warned that his failure to comply would subject this action to dismissal. The undersigned finds that these circumstances demonstrate a clear record of delay and willful disregard of the Court's orders, and it does not appear that any lesser sanction will suffice to correct such conduct. Accordingly, the undersigned concludes that a dismissal of Plaintiff's claims is justified, even though it is likely tantamount to a dismissal with prejudice.[3]

---

[3] Where dismissal of a complaint without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993).

## III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS**[4] that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely serve Defendants with process, or alternatively, under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority for Plaintiff's failure to diligently prosecute this action and to comply with the Court's orders.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1);

---

[4] "There is authority for the proposition that because [28 U.S.C.] § 636(c)(1) requires the 'consent of the parties,' jurisdiction to dismiss a complaint only vests in the Magistrate Judge when all parties named in a complaint have consented—even if those parties have not yet been served." Brewster v. Muscogee Cty. Superior Ct., 2021 U.S. Dist. LEXIS 268700, at *11 n.1, 2021 WL 11728235, at *4 n.1 (M.D. Ga. June 1, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 268629, 2021 WL 11728173 (M.D. Ga. July 13, 2021); see, e.g., Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) (concluding "that consent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)"); Coleman v. Labor & Indus. Review Comm'n of Wis., 860 F.3d 461, 470-73 (7th Cir. 2017).  Therefore, the undersigned does not order, but rather recommends, the dismissal of Plaintiff's claims in this action. See Brewster, 2021 U.S. Dist. LEXIS 268700, at *11 n.1, 2021 WL 11728235, at *4 n.1.

Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **May, 2025.**

                                                **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**